*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 21-AA-764

JANELL T. PERRY, PETITIONER,

v.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

Petition for Review of an Order of the
District of Columbia Department of Employment Services
Compensation Review Board
(2021-CRB-000051)

(Submitted November 15, 2022                    Decided January 26, 2023)

*Janell T. Perry*, pro se.

*Karl A. Racine*, Attorney General for the District of Columbia at the time of submission, *Caroline S. Van Zile*, Solicitor General, *Ashwin P. Phatak*, Principal Deputy Solicitor General, *Carl Schifferle*, Deputy Solicitor General, and *James C. McKay, Jr.*, Senior Assistant Attorney General, for respondent.

Before BECKWITH, MCLEESE, and DEAHL, *Associate Judges.*

MCLEESE, *Associate Judge*: Petitioner Janell Perry challenges an order of the Compensation Review Board (CRB) upholding an order terminating her workers' compensation benefits. We vacate the order of the CRB in part and remand the case for further proceedings.

## I. Factual and Procedural Background

Certain basic facts appear to be undisputed for current purposes. Ms. Perry worked for the District of Columbia Department of Child and Family Services (DCFS). In 2003, her right foot was fractured while she was riding in an elevator that malfunctioned. Ms. Perry received workers' compensation benefits for that injury for a number of years, but that injury improved and no longer provides a basis for benefits. The current dispute focuses on workers' compensation benefits relating to Ms. Perry's claim that the elevator accident also injured her back. We focus our discussion on that dispute.

Ms. Perry sought workers' compensation benefits based in part on the claimed injury to her back. *Perry*, No. 07-163, 2010 WL 3611447, at *1 (D.C. Comp. Rev. Bd. Aug. 25, 2010). DCFS disputed Ms. Perry's claim. *Id.* After extensive litigation, the CRB upheld a ruling by an Administrative Law Judge (ALJ) that Ms. Perry had suffered a work-related back injury in the elevator accident. *Id.* at *2-4. The CRB therefore affirmed the ALJ's award to Ms. Perry of temporary total disability benefits. *Id.*

In 2018, the District of Columbia Office of Risk Management (ORM) sent Ms. Perry a notice that her workers' compensation benefits were being terminated. Based on the results of an independent medical evaluation conducted earlier the same year, ORM concluded that Ms. Perry's back condition was "no longer causally related to" the elevator accident. Ms. Perry contested the termination, and an ALJ held an evidentiary hearing. The evidence presented at that hearing included the following.

Dr. Noah Raizman, an orthopedic surgeon, conducted an independent medical evaluation of Ms. Perry. Dr. Raizman believed that Ms. Perry was exaggerating her symptoms. Dr. Raizman noted that Ms. Perry's medical records showed no complaint of back pain until about three months after the elevator accident. In Dr. Raizman's view, the elevator accident could not have been connected to back pain developing three months later. Dr. Raizman also discussed medical tests done after the elevator accident and concluded that they did not support the claim that the elevator accident was responsible for Ms. Perry's back condition. Dr. Raizman explained that prior independent medical evaluations, including those in July and December 2003, had also concluded that Ms. Perry's back condition was not related to the elevator accident.

Dr. Raizman criticized the contrary conclusions of Ms. Perry's physicians as "fairly ridiculous," weak, flimsy, and unsupported by the evidence. Dr. Raizman also disagreed with the prior determination that, for purposes of workers' compensation, Ms. Perry had suffered a work-related injury to her back as a result of the elevator accident. Rather, Dr. Raizman concluded that Ms. Perry's back suffered from age-related degeneration and that the elevator accident did not cause or aggravate any injury to Ms. Perry's back.

ORM also introduced the report of a 2014 independent medical evaluation conducted by Dr. Louis Levitt. Dr. Levitt expressed doubts about the claimed back injury, stating that he saw no mechanism that would explain such an injury, no medical tests that would support such an injury, and no symptoms of such an injury. Dr. Levitt was not sure precisely when any such injury would have resolved, but he concluded that Ms. Perry was not suffering from any back injury related to the elevator accident. Dr. Levitt further concluded that Ms. Perry could medically return to full employment.

An ORM employee testified at the hearing and expressed the view that Ms. Perry's condition had not changed since 2006.

The record before the ALJ also included medical reports from several doctors who had treated Ms. Perry and who concluded that Ms. Perry was disabled as a result of a work-related back injury caused by the elevator accident.

The ALJ upheld the termination of Ms. Perry's benefits. The ALJ acknowledged that the CRB had previously upheld a determination that Ms. Perry's back injury was causally related to the elevator accident. *Perry*, 2010 WL 3611447, at *1-4. The ALJ concluded, however, that Ms. Perry's benefits could be terminated if ORM could demonstrate by a preponderance of the evidence that a "change in circumstances" justified termination. *See* D.C. Code § 1-623.24(d)(1), (d)(4) (permitting modification of award of benefits "because of a change to the claimant's condition"); *D.C. Dep't of Corr. v. D.C. Dep't of Emp. Servs.*, 281 A.3d 588, 592-94 (D.C. 2022) (ORM bears burden of establishing change of condition by preponderance of evidence).

Relying on the testimony and report of Dr. Raizman, the ALJ found that Ms. Perry's condition had "changed." With respect to Ms. Perry's claimed back injury, however, the ALJ did not explain what that change of condition was or when that change of condition had occurred relative to the prior compensation award. Rather, the ALJ relied on the evidence from Dr. Raizman and Dr. Levitt to find that Ms.

Perry did not in fact suffer a traumatic back injury in the elevator accident. The ALJ specifically credited Dr. Levitt's 2014 report, in which Dr. Levitt concluded that although he was not sure precisely when any such injury would have resolved, Ms. Perry was not presently suffering from any back injury related to the elevator accident. The ALJ did not give any preference to the contrary conclusion of the doctors who had treated Ms. Perry. As the ALJ explained, the evidentiary preference in favor of the conclusions of treating physicians was repealed in 2010 for purposes of public-sector workers' compensation cases. *D.C. Pub. Schs. v. D.C. Dep't of Emp. Servs.*, 95 A.3d 1284, 1287 (D.C. 2014).

Finally, the ALJ concluded that the law-of-the-case doctrine did not preclude the ALJ from reconsidering the CRB's prior determination that Ms. Perry had suffered a work-related back injury as a result of the elevator accident. In the ALJ's view, such reconsideration was permissible for two reasons. First, ORM had presented substantial new evidence contradicting the prior determination. Second, at the time of the prior determination, the ALJ was required to give an evidentiary preference to the conclusions of Ms. Perry's treating physicians, but that evidentiary preference had since been repealed.

The CRB affirmed the ALJ's order. First, the CRB agreed that the ALJ was no longer required to give preference to the conclusions of Ms. Perry's treating physicians. Second, the CRB upheld the ALJ's analysis of the law-of-the-case issue. Third, the CRB concluded that the record contained substantial evidence to support the ALJ's conclusion that Ms. Perry did not suffer a traumatic back injury during the elevator accident. Finally, to the extent that Ms. Perry complained that ORM had failed to find alternative employment for Ms. Perry, the CRB concluded that ORM was not required to do that before terminating Ms. Perry's workers' compensation benefits.

## II. Analysis

We review a decision of the CRB to determine whether the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Reyes v. D.C. Dep't of Emp. Servs.*, 48 A.3d 159, 164 (D.C. 2012) (internal quotation marks omitted). We have often given deference to the CRB's reasonable interpretation of workers' compensation statutes. *E.g.*, *Howard Univ. Hosp. v. D.C. Dep't of Emp. Servs.*, 267 A.3d 1068, 1070-71 (D.C. 2022). Recent decisions of this court, however, have raised questions about the extent to which the CRB is entitled to deference in its interpretation of workers' compensation statutes. *E.g.*, *D.C. Dep't*

*of Corr.*, 281 A.3d at 592; *Frazier v. D.C. Dep't of Emp. Servs.*, 229 A.3d 131, 148 (D.C. 2020) (McLeese, J., dissenting) (noting that "under the federal workers' compensation system, the Supreme Court has indicated that special deference was not owed to the analogue of the CRB") (citing *Potomac Elec. Power Co. v. Dir., Off. of Workers' Comp. Programs*, 449 U.S. 268, 278 n.18 (1980) ("It should also be noted that the Benefits Review Board is not a policymaking agency; its interpretation of the [federal workers' compensation statute] thus is not entitled to any special deference from the courts.")). The D.C. Department of Employment Services (DOES) argues in this case that our review of the CRB's legal conclusions should be de novo. We need not address that issue, however, because the legal conclusions we reach in this opinion do not depend on our standard of review.

### A. Modification of Prior Compensation Orders

In seeking to terminate Ms. Perry's benefits, ORM relied on D.C. Code § 1-623.24(d)(1) and (4). The former provision authorizes the Mayor to modify a workers' compensation award if "a change of condition has occurred." *Id.* § 1-623.24(d)(1). The latter provision states:

> An award for compensation may not be modified because of a change to the claimant's condition unless:

(A) The disability for which compensation was paid has ceased or lessened;

(B) The disabling condition is no longer causally related to the employment;

(C) The claimant's condition has changed from a total disability to a partial disability;

(D) The employee has been released to return to work in a modified or light duty basis; or

(E) The Mayor or his or her designee determines based upon strong compelling evidence that the initial decision was in error.

*Id.* § 1-623.24(d)(4).

In this court, DOES defends the CRB's decision to terminate Ms. Perry's benefits based solely on § 1-623.24(d)(4)(A) and (B) (the latter of which DOES inaccurately cites as (C)). Specifically, DOES argues that Ms. Perry's back-related disability "ceased or lessened" and that Ms. Perry's back-related "disabling condition is no longer causally related to the employment." *Id.* § 1-623.24(d)(4)(A) and (B). With respect to Ms. Perry's claimed back injury, however, we conclude that the findings of the ALJ and the CRB do not support modification under those provisions. The ALJ and the CRB did not find that Ms. Perry had a disabling back condition that ceased, lessened, or became causally unrelated to her employment. In

fact, the ALJ and the CRB did not even mention the specific provisions DOES relies upon in this court. Rather, the ALJ and the CRB found—in direct contradiction to the prior ruling of the CRB in 2010—that Ms. Perry never had a work-related back injury at all.

We acknowledge that the ALJ credited Dr. Levitt's report, which expressed doubt that there had been a back injury but also indicated that any back injury would have resolved itself by the time of Dr. Levitt's report in 2014. The latter component of Dr. Levitt's report could arguably have provided some support for a conclusion under D.C. Code § 1-623.24(d)(4)(A) or (B) that Ms. Perry had a back injury that ceased or lessened after the prior determination of disability. Neither the ALJ nor the CRB analyzed Dr. Levitt's report in that way, however, and we cannot affirm their decisions on a theory different from the theory the ALJ and the CRB actually relied upon. *See, e.g.*, *Butler v. Metro. Police Dep't*, 240 A.3d 829, 836 (D.C. 2020) ("Generally, an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained.") (internal quotation marks omitted).

D.C. Code § 1-623.24(d) does have a provision tailored to address cases in which new evidence supports a conclusion that a prior award of benefits was

erroneous. Section 1-623.24(d)(4)(E) permits modification "based upon strong compelling evidence that the initial decision was in error." Neither the ALJ nor the CRB relied on that provision, however, and DOES does not rely on the provision in this court. We therefore have no occasion at this juncture to consider whether the evidence in this case would justify a finding under that provision. *See, e.g.*, *Butler*, 240 A.3d at 836; *Tuckson v. United States*, 77 A.3d 357, 366 (D.C. 2013) ("It is a basic principle of appellate jurisprudence that points not urged on appeal are deemed to be waived.") (internal quotation marks omitted).

Similarly, DOES does not in this court adequately defend the reasoning actually relied upon by the ALJ and the CRB: that termination was permissible under the law-of-the-case doctrine. Rather, DOES simply asserts in a footnote that the law-of-the-case doctrine does not apply, because there was new evidence. DOES does not argue that the ALJ and the CRB had authority to terminate Ms. Perry's benefits even if the requirements of D.C. Code § 1-623.24(d) were not met. Thus, even if the law-of-the-case doctrine does not itself bar termination, the question remains whether termination was permissible under § 1-623.24(d). We therefore express no view about the potential applicability of the law-of-the-case doctrine.

For the foregoing reasons, we vacate the order of the CRB to the extent that the order upheld the termination of benefits relating to Ms. Perry's claimed back injury, and we remand the case for further proceedings.

## B. Ms. Perry's Additional Arguments

Ms. Perry makes two additional arguments, but we are not persuaded by them. First, Ms. Perry argues that the CRB erred by failing to give preference to the conclusions of her treating physicians. As the ALJ and the CRB explained, however, the public-sector treating-physician preference was repealed in 2010. *D.C. Pub. Schs.*, 95 A.3d at 1287.

Second, Ms. Perry argues that ORM failed to make adequate efforts to help her retain her position with DCFS or to assist her in obtaining alternative employment. We agree with the CRB, however, that the public-sector workers' compensation statute does not require ORM to take such steps. Ms. Perry relies on D.C. Code § 1-623.45, but that provision appears to be inapplicable, because the provision imposes obligations on Ms. Perry's last employer (DCFS), not ORM. D.C. Code § 1-623.45(b) (imposing obligations on "the department or agency which was the last employer"). Ms. Perry also relies on a decision from Pennsylvania, but

that decision applied principles of Pennsylvania private-sector workers' compensation law that appear to differ substantially from the statutory provisions governing modification of public-sector workers' compensation awards under the law of the District of Columbia. *Compare Kachinski v. Workmen's Comp. Appeal Bd.*, 532 A.2d 374, 377-81 (Pa. 1987) (requiring proof that jobs are actually available to claimant before private-sector workers' compensation award can be modified), *with* D.C. Code § 1-623.24(d) (setting standards applicable to modification of public-sector workers' compensation award). We also note that the Pennsylvania Supreme Court has indicated that its decision in *Kachinski* was subsequently "replace[d]" by statute. *Sch. Dist. of Phila. v. Workers' Comp. Appeal Bd.*, 117 A.3d 232, 242-43, 242 n.5 (Pa. 2015).

For the foregoing reasons, we vacate the order of the CRB to the extent that the order upheld the termination of benefits relating to Ms. Perry's claimed back injury, and we remand the case for further proceedings.

*So ordered.*